ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta
AUG 16 2023
KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

v.

NAIGANG LIN

Criminal Action No.
1:23-MJ-734

### Government's Motion for Detention Pending Trial

The United States of America, by counsel, Ryan K. Buchanan, United States Attorney, and Gregory E. Radics, Assistant United States Attorney for the Northern District of Georgia, moves for detention under 18 U.S.C. § 3142, asks leave of Court to supplement this motion with additional grounds or presumptions for detention, and requests that the Court conduct a hearing *(check one)*:

X    at initial appearance; OR
☐    after a continuance of ___ *(insert number, up to 3)* days.
☐

### Eligibility of Case

This case is eligible for a detention order because it involves *(check all that apply)*:

☐    A crime of violence as defined in 18 U.S.C. § 3156(4)*;
☐    A violation of 18 U.S.C. § 1591 (sex trafficking of children);*†
☐    A federal crime of terrorism listed in 18 U.S.C. § 2332b(g)(5)(B) with a statutory maximum of 10 years or more;*†
☐    An offense having a maximum sentence of life imprisonment or death;*
X    An offense in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or Chapter 705 of Title 46 with a statutory maximum of 10 years or more;*†
☐    Any felony, if the defendant has been convicted of 2 or more offenses described above or 2 or more state or local offenses that would have been offenses described above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such;*
☐    Any felony that is not otherwise a crime of violence that involves a minor victim, the possession or use of a firearm or destructive device (including 18 U.S.C. § 924(c)†), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;*
X    A serious risk that the defendant will flee;

---

* These offenses are described in 18 U.S.C. § 3142(f)(1).

† These offenses qualify for the rebuttable presumption under 18 U.S.C. § 3142(e)(3), as do: 1) any offense under Title 18, Chapter 77 (§§ 1581-1597, concerning peonage, slavery, and trafficking in persons) with a statutory maximum of 20+ years; 2) any offense under 18 U.S.C. §§ 956(a) (domestic conspiracy to kill, kidnap, maim or injure abroad), or 2332b (international terrorism); and 3) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

X   A serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

## Rebuttable Presumptions *(check any that apply)*

X   The United States hereby invokes the rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *(Invoke only if a qualifying offense described above is charged.)*

☐   The United States hereby invokes the rebuttable presumption under 18 U.S.C. § 3142(e)(2), which applies in certain situations where a defendant has previously committed an offense while on bond. It applies here because defendant is now charged with an offense described in 18 U.S.C. § 3142(f)(1), previously committed a different offense described in 18 U.S.C. § 3142(f)(1) (or a state law analog of such an offense) while on bond, and no more than 5 years have elapsed since the later of the conviction for said offense and the release of the defendant from imprisonment for same.

## Reasons for Detention

The Court should detain defendant because there are no conditions of release that will reasonably assure *(check all that apply)*:

X   the appearance of the person as required;
X   the safety of any other person and the community.

## Additional Information

- At the time of his arrest, the defendant was a fugitive and aware of the Complaint filed against him. He fled Oklahoma the morning his co-defendant family members, including his pregnant girlfriend, were arrested.
- Defendant's attorney in Oklahoma, Ed Blau, informed Oklahoma Assistant U.S. Attorney Nicholas Coffey that defendant would not turn himself in without assurances that he would not be detained pending trial.
- Since May 10, 2023, law enforcement has identified several phones believed to be used by the defendant and attempted to track him to arrest him with this information. Each time, the defendant dropped the phone and obtained a new one.
- At the time of his arrest the defendant was attempting to hide his face because he believed law enforcement had "facial recognition" and he stated he was "tired of running."

Respectfully submitted,

Dated: August 16, 2023

RYAN K. BUCHANAN
United States Attorney

75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000
Fax: (404) 581-6181

GREGORY E. RADICS
Assistant United States Attorney
Ga. Bar No. 591724

**Certificate of Service**

The U.S. Attorney's Office served this document today by handing a copy to defense counsel:

Stephen Johnson, Federal Defenders

August 16, 2023

/s/ GREGORY E. RADICS